Filing # 119294103 E-Filed 01/08/2021 11:50:28 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

RUBEN PAIS and SUSAN PAIS,
his spouse,

CASE NO.:     21-000388 CA 01

        Plaintiffs,

v.

Received: 1/27/21 @ 6:00P
Served: 1/28/21 @ 11:30A

HOME DEPOT U.S.A., INC.,

        Defendant.

_____/

Richard Kolodgy, CPS #204
Second Judicial Circuit

### CIVIL ACTION SUMMONS

**YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the
Complaint or Petition in this action on Defendant:

**HOME DEPOT U.S.A., INC.**

**Registered Agent:**     **CORPORATION SERVICE COMPANY**
                          **1201 HAYS STREET**
                          **TALLAHASSEE, FL 32301-2525**

        Each Defendant is required to serve written defenses to the Complaint or Petition on
Plaintiff's attorney whose address is:

**LAW OFFICES OF JIMMY DE LA ESPRIELLA, P.A.**
Attorneys for Plaintiff
2151 Le Jeune Road, Suite 305
Coral Gables, Florida 33134
service@jdlelaw.com

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court, Miami-Dade County Courthouse, 73
West Flagler Street, Miami, FL 33130, either before service on Plaintiff's attorney or immediately
thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief
demanded in the complaint or petition.

        DATED: ___1/11/2021_____

                                    By: _____ 238
                                        as Deputy Clerk
                                        (Court Seal)

Filing # 119249821 E-Filed 01/07/2021 03:56:58 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

RUBEN PAIS and SUSAN PAIS,                    CASE NO.:
his spouse,

      Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    COME NOW, Plaintiffs, RUBEN PAIS and SUSAN PAIS, his spouse, by and through undersigned counsel and sue Defendant, HOME DEPOT U.S.A., INC. (herein after referred to as "HOME DEPOT") and alleges:

**GENERAL ALLEGATOINS**

    1.    This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars excluding interest, attorney's fees and costs, which is within the jurisdiction of the Court in accordance with Fla. Stat. Section 26.012.

    2.    That all times material herein, Plaintiffs, RUBEN PAIS and SUSAN PAIS, were residents of New York.

    3.    That at all times material herein, HOME DEPOT was and is a Foreign Corporation doing business in Miami-Dade County, Florida.

    4.    At all times material hereto, HOME DEPOT carried on business or business ventures in the State of Florida and have thus availed themselves to the jurisdiction of this Court pursuant to Fla. Stat. §48.181.

    5.    On or about January 9, 2020, HOME DEPOT owned and/or maintained a property located at 7899 West Flagler Street, Miami, Florida.

6.      That on January 9, 2020, Plaintiffs were lawfully on the subject premises as a patron/invite.

7.      On or about January 9, 2020, HOME DEPOT had exclusive dominion, possession and/or control of the premises.

8.      On or about January 9, 2020, and at all relevant times material hereto, HOME DEPOT's agents, employees and/or servants acted within the course and scope of their employment.

## COUNT I – NEGLIGENCE AGAINST HOME DEPOT

Plaintiff, RUBEN PAIS, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges as follows:

9.      HOME DEPOT owed a non-delegable duty to Plaintiff, RUBEN PAIS, to maintain its premises in a reasonably safe condition so that invitees, such as the Plaintiff, would not be endangered or injured by the use of its premises.

10.      On or about January 9, 2020, HOME DEPOT negligently and/or carelessly failed to maintain the above-mentioned premises in a reasonably safe condition by committing one or more of the following acts of negligence or omissions:

A.      By failing to inspect and/or correct a dangerous condition located on the subject premises;

B.      By negligently maintaining the subject premises so as to allow the dangerous condition to exist for an unreasonable period of time;

C.      By negligently failing to warn Plaintiff, RUBEN PAIS, or other invitees on the premises, of the existence of the dangerous condition;

D.      By creating and/or constructing a sign that was dangerous and unsafe for its customers and not fit for the purpose intended;

E.    By negligently placing a heavy sign that was on wheels at the ingress and/or egress of its premises where customers, such as Plaintiffs, traverse;

F.    By negligently failing to properly secure the subject sign so as to prevent it from rolling and/or moving freely throughout the subject premises;

G.    By negligently failing to maintain the subject sign in a reasonably safe condition so as to allow it to freely roll at or near the ingress and/or egress of the subject premises;

H.    By negligently failing to train its employees as to the proper creation and/or construction of a sign, such as the one involved in the subject accident; and/or

I.    By negligently failing to train its employees as to the placement of signs, such as the one involved in the subject accident, on its premises.

11.    HOME DEPOT had a duty to maintain the subject premises in a reasonably safe and proper condition for the general public and the class of people to which Plaintiff, RUBEN PAIS, is a member.

12.    HOME DEPOT was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for Plaintiff.

13.    HOME DEPOT either knew or should have known of the existence of the dangerous condition and should have taken steps to warn Plaintiff, RUBEN PAIS.

14.    HOME DEPOT failed to warn Plaintiff, RUBEN PAIS, of the aforementioned condition and the risks involved in as much as the presence of Plaintiff, RUBEN PAIS, was known or reasonably foreseeable to HOME DEPOT.

15.    Plaintiff, RUBEN PAIS, neither knew nor should have known of the dangerous condition and risk, and Plaintiff exercised reasonable care.

16.     HOME DEPOT actually created or knew of the existence of the unsafe condition, or in the alternative, allowed it to exist for a sufficient length of time such as that a reasonable inspection would have disclosed it.

17.     As a result of the aforementioned acts of negligence or omissions, a heavy sign struck Plaintiff, causing him to sustain serious personal injuries.

18.     That as a result of HOME DEPOT's negligence, Plaintiff suffered bodily injury and resulting pain and suffering; disability; disfigurement; physical impairment; mental anguish; loss of capacity for the enjoyment of life; expense of hospitalization; medical and nursing care and treatment; and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, RUBEN PAIS, A Minor, will suffer the losses in the future.

WHEREFORE, based on the above and foregoing, Plaintiff, RUBEN PAIS, demand judgment against HOME DEPOT for damages, costs of this action, trial by jury and all other damages recoverable by law.

## COUNT II – CONSORTIUM CLAIM AGAINST HOME DEPOT

Plaintiff, SUSAN PAIS, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges as follows:

19.     On or about January 9, 2020, Plaintiff's, SUSAN PAIS, husband was injured as a direct result of HOME DEPOT's negligence.

20.     Plaintiff, SUSAN PAIS, spouse of Plaintiff, RUBEN PAIS, has suffered the loss of her husband's services, companionship, comfort and society as a result of the incident complained of herein and will continue to lose such services, companionship and consortium permanently and into the future.

WHEREFORE, based on the above and foregoing, Plaintiff, SUSAN PAIS, demands judgment against HOME DEPOT for damages, costs of this action, trial by jury and all other damages recoverable by law.

DATED January 7, 2021.

LAW OFFICES OF JIMMY DE LA ESPRIELLA
Attorneys for Plaintiff
2151 Le Jeune Road, Suite 305
Coral Gables, Florida 33134
Tel:    (305) 665-1167
Fax:    (305) 381-0215
Email: service@jdlelaw.com

By: /s/ Nadine Figueroa
NADINE FIGUEROA
Florida Bar No.: 635121
Nadine@jdlelaw.com
JIMMY DE LA ESPRIELLA
Florida Bar No.: 31515
Jimmy@jdlelaw.com