United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ruben Pais and Susan Pais,<br>Plaintiffs,<br><br>v.<br><br>Home Depot U.S.A., Inc. and Fence City, Inc., Defendants. | Civil Action No. 21-20824-Civ-Scola |

## Order Regarding Jurisdiction

This case was recently assigned to this Court upon the recusal of United States District Court Judge Federico A. Moreno. (Order of Rec., ECF No. 66.) Upon an independent review of the record, the Court is uncertain whether it has subject-matter jurisdiction over this action and directs the parties to file a joint notice or memorandum, as described below, in that regard.

Plaintiffs Ruben and Susan Pais, spouses, initially filed this personal-injury case in state court, seeking damages from Defendant Home Depot U.S.A., Inc., for injuries they say Mr. Pais sustained in a Home Depot store in 2020. (Compl., ECF No. 1-2.) Home Depot thereafter removed the case, to this Court, under the Court's diversity jurisdiction, contending that the parties are completely diverse. (Def.'s Not. of Removal ¶ 7, ECF No. 1.) According to Home Depot, it is a Delaware corporation with its principal place of business in Georgia. (*Id.*) In contrast, says Home Depot, the Paises are either citizens of New York *or* Florida.[1] (*Id.*) Since Home Depot is not a citizen of either state, regardless of whether the Paises are citizens of New York or Florida, the then existing parties to this case were diverse.

Now, however, the Paises have filed, with leave of Court, an amended complaint. (Am. Compl., ECF No. 59.) That complaint names a second defendant, Fence City, Inc., that the Paises describe as "a Florida Corporation doing business in Miami-Dade County, Florida." (*Id.* ¶ 4.) As a consequence, without knowing whether the Paises are Florida, versus New York, citizens, the Court is unable to determine whether it has jurisdiction over this case. Additionally, the Paises have failed to set forth Fence City's principal place of business, further muddying the jurisdictional waters.

---

[1] In its civil cover sheet, Home Depot indicates that the Paises are, in fact, Florida citizens. (Cover Sheet, ECF No. 1-1.) And, while the Paises have maintained they "reside" in New York, they have not disputed Home Depot's identifying Florida as their place of citizenship.

Based on the record before it, then, the Court is unable to discern whether the parties are completely diverse. Accordingly, the Court orders the parties to file a joint notice or memorandum, **on or before July 13, 2022**, setting forth, at a minimum, the following:

(1) The states of incorporation and principal places of business of the two corporate parties;

(2) The citizenships (not just the residencies) of the two individual parties;[2] and

(3) If the Paises claim citizenship in New York, they must then also address what public records indicate is a homestead exemption claimed on a real property that appears to be owned by Mr. Pais in Miami-Dade County.

If the parties are unable to reach an agreement on a joint notice or memorandum, the Defendants must file their own memorandum **on or before July 13, 2022**, and the Paises must respond thereto **on or before July 18, 2022**. If the parties are unable to assure the Court of its jurisdiction, this case may be remanded back to state court.

**Done and ordered**, at Miami, Florida, on July 5, 2022.

Robert N. Scola, Jr.
United States District Judge

---

[2] Under 28 U.S.C § 1332(a)(1), it is the *citizenship*, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship").