UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20824-CIV-GOODMAN
[CONSENT CASE]

RUBEN PAIS and SUSAN PAIS,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC. and FENCE CITY, INC.,

    Defendants.
_____/

## ORDER GRANTING BY DEFAULT PLAINTIFFS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT

In this two-count personal injury lawsuit, Plaintiffs Ruben and Susan Pais filed a motion for partial summary judgment, seeking judgment in their favor on Defendants Home Depot and Fence City's comparative negligence affirmative defenses. [ECF No. 120]. Defendants did not timely file a response to Plaintiffs' motion. The Undersigned then entered a paperless Order, requiring defense counsel to submit a declaration explaining Defendants' failure to file a timely response, giving Defendants until May 16, 2023 to file a response, and warning that "[i]f Defendants do not timely file their response,

then Plaintiff's motion could be granted by default." [ECF No. 128].

In the Court-Ordered declaration, defense counsel explained that:

On April 15, 2023, the undersigned received Plaintiff's Motion for Partial Summary Judgment on the issue of comparative negligence. As such, in the event Defendants wished to oppose the motion, responses were due on or before May 9, 2023. However, after conferring with his clients, the undersigned advised Plaintiffs' counsel by email dated May 9, 2023 at 4:42 pm that Defendants Home Depot and Fence City were admitting to the existence of a duty and a breach of that duty, but maintained all defenses to causation and damages and continue to contest same. The undersigned further inquired whether, in light of that admission, Plaintiffs would be withdrawing their Motion for Partial Summary Judgment as moot, but did not receive a response to that inquiry.

[ECF No. 129-1].

In the Undersigned's view, the language Defendants included in the email to Plaintiffs' counsel does not *unequivocally* convey the message that Plaintiffs' motion is unopposed. Nonetheless, Defendants' failure to timely file a response acts as a *de facto* lack of opposition. The Local Rules permit the Court to grant by default motions to which the opposing party has not responded. S.D. Fla. L.R. 7.1(c)(1) (failure to file a timely response "may be deemed sufficient cause for granting the motion by default"). Further, the Undersigned has reviewed the merits of Plaintiffs' motion and the cited evidence supports Plaintiffs' contention that Defendants have no evidence supporting their comparative negligence affirmative defenses.

Accordingly, the Undersigned **grants** Plaintiffs' Motion for Partial Summary Judgment. Neither Defendant may present the affirmative defenses identified in

2

paragraphs two and ten of their affirmative defenses [ECF Nos. 68-69].

**DONE AND ORDERED** in Chambers, at Miami, Florida, on May 25, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record