UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20824-CIV-GOODMAN
[CONSENT CASE]

RUBEN PAIS and SUSAN PAIS,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC., and FENCE CITY, INC.,

    Defendants.

_____/

**ORDER ON PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION**

In this two-count personal injury lawsuit, Plaintiffs Ruben and Susan Pais filed a motion for summary judgment on medical causation (the "Motion"), arguing that there are no genuine issues of material fact about whether Defendant Home Depot U.S.A., Inc. and Defendant Fence City, Inc.'s negligence was "a legal cause of loss, injury, or damage." [ECF No. 132].

For the following reasons, the Undersigned **denies** Plaintiffs' Motion.

**I.    BACKGROUND**

Plaintiffs filed the instant motion for summary judgment on medical causation, arguing that their evidence conclusively determines that Defendants' negligence "caused

Ruben Pais to suffer 'a legal cause of loss, injury, or damage,' including a head injury that knocked him unconscious." [ECF No. 132]. Defendant Home Depot[1] filed a response [ECF No. 138], and Plaintiffs filed their optional reply [ECF No. 140]. Plaintiffs also filed a statement of material facts in support of their instant motion. [ECF No. 131]. Home Depot filed a response to Plaintiffs' statement of material facts. [ECF No. 139]. In that response, Home Depot listed two additional facts, but Plaintiffs did not respond to those two so-called facts (even though Local Rule 56.1(a) *requires* a response to additional facts).

Introductory Remarks About the "Facts"

The facts are generated from the paragraphs in the statement of facts (and statement of additional facts) or responses to the statements of facts which the opposing party expressly agreed are undisputed. For those purported facts which the opposing party classified as *partly* disputed, the Undersigned includes only the *undisputed* portions. At times, an undisputed fact is supplemented with a portion of the response in order to place the fact in context and provide a fuller understanding of the specific fact.

---

[1] Plaintiffs' Motion was filed against both Home Depot *and* Fence City. Although counsel for Home Depot previously filed a separate Answer and Affirmative Defenses on behalf of Fence City [ECF No. 69], its responses to the instant motion (an opposition memorandum and a response to Plaintiffs' Statement of Material Facts) were filed *only* on Home Depot's behalf, and Fence City has not filed any response to the motion. No explanation was provided for this omission. Plaintiffs' reply does not mention the absence of a response from Fence City. In fact, the opening, introductory paragraph of their reply says it is a reply to the response filed by *both* Home Depot and Fence City.

The Undersigned sometimes changed the wording of an undisputed fact for stylistic and/or grammatical purposes. In addition, to enhance readability, I removed the specific record citations. They can be found in the source document, if needed.

If a party argued that a purported fact was disputed but did not provide record evidence to support the contention, then I deemed the fact to be *undisputed* if otherwise supported by record evidence.

I also ignored disputes that were not actual **disputes**. Adding an *additional*, but *not contrary*, fact, does not generate a bona fide factual dispute. Instead, the new fact is merely an additional fact which Plaintiffs are permitted to include in their own statement of additional facts if they believe it to be material.

This **non**-dispute is illustrated by the following hypothetical: A defendant submits a statement of facts which contends through record evidence citations that a traffic light was green for defendant at the time of the vehicle collision at issue, and the plaintiff's response claims that this fact is **disputed** because it was raining at the time of the collision. The fact of rain does not create a factual dispute about the traffic light's status. Instead, it is simply an additional fact which a plaintiff can place in his own statement of additional facts.

This analogy applies even if the party opposing the summary judgment motion offered several additional facts to support the notion that the undisputed fact is actually disputed. Thus, if the hypothetical affidavit mentioned above also explained that it was

storming, the visibility was poor, the radio was on loud, it was dusk, the driver was changing stations on the car radio, the windshield wipers were inoperable and the plaintiff was speeding, none of these additional facts would cause the undisputed fact that the light was green for the defendant driver to somehow be deemed a disputed fact.

By including a fact as undisputed, the Undersigned is not *necessarily* finding that the fact is legally relevant and admissible. Rather, the listing of a fact simply means that it is undisputed. The Undersigned may, in the analysis section, choose to label a fact as irrelevant or to ignore it because it is immaterial. However, the Undersigned sometimes decided to omit a purported fact if it is clearly immaterial and inadmissible, or if it lacked a necessary factual foundation or predicate. When the Undersigned reached these conclusions, the reference "N/A" would also be used if there were no other facts which could fairly be classified as undisputed.

Framed by these rules, the following facts are undisputed unless otherwise noted. The numbered paragraphs correspond to the numbered paragraphs in Plaintiffs' Statement of Material Facts. [ECF No. 131]. If a purported fact was appropriately disputed, then the term "N/A" is listed next to the paragraph number. After listing the Undisputed Facts from the Plaintiffs' Statement of Material Facts, the Undersigned then lists Defendants' additional facts filed in response to Plaintiffs' Statement of Material Facts. [ECF No. 139].

Plaintiffs' Undisputed Facts

1. At approximately 11:30 AM on January 9, 2020, Plaintiffs were walking into Home Depot located at 7899 West Flagler Street, Miami, Florida.

2. At that time, a free-standing, 68-pound metal sign on wheels designed by Fence City, Inc., advertising Defendants' fencing installation services, was outside of the Home Depot store near the entrance.

3. As Plaintiffs were walking through the sliding glass entrance doors of the Home Depot store, a strong wind caused the 68-pound sign to fall and strike Plaintiff, Ruben Pais, on the back of his head and neck.

4. Immediately after being struck, Ruben Pais appeared "rubber-legged," unsteady, and disoriented.

5. Ruben Pais then fell face-first into the nearby shelving and eventually onto the ground.

6. While on the ground, Ruben Pais was unconscious.

7. After he regained consciousness, Ruben Pais appeared to be in shock and in pain.

8. On January 11, 2020, Ruben Pais presented to the emergency department at Baptist Hospital.

9. While at the hospital, Ruben Pais underwent a Brain CT, and the reading radiologist, Edurado [sic] Villalobos, MD, diagnosed him with "Left tentorium up to 3 mm acute subdural hemorrhage."

10. Ruben Pais was ultimately discharged with the following diagnoses: a closed head injury, concussion with loss of consciousness, traumatic subdural hemorrhage, and neck pain.

11. On January 24, 2020, Ruben Pais' treating neurologist, Fernando Norona, MD, diagnosed him with the following injuries (among others):

- Post-concussion syndrome;

- Sleep disorder;

- Concussion with loss of consciousness of 30 minutes or less;

- Post-traumatic headache;

- Vertigo;

- Tinnitus;

- Adjustment disorder; and

- Traumatic subdural hemorrhage with loss of consciousness of unspecified duration.

12. Defendants conceded that they owed a duty of care to Plaintiffs and that they breached their duty.

<u>Home Depot's Undisputed Facts[2]</u>

13. According to Defense expert witness Dr. A. John Tsiouris, who is the Chief of Neurology at New York Presbyterian Hospital, Dr. Villalobos's diagnosis of "Left tentorium up to 3 mm acute subdural hemorrhage" is incorrect. "The left tentorium is normal, without evidence of acute subdural hemorrhage."

14. Following an examination of Plaintiff, the expert opinion of Defendant's neurologist, Dr. Jeffrey Gelblum, is that Plaintiff is not suffering from a traumatic brain injury and requires no present or future neurologic care or treatment.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[2] As noted, Fence City failed to respond to the summary judgment motion. Home Depot, which did respond, did not attach either expert report to its filing. Home Depot earlier [ECF No. 125] submitted these reports, but the Court struck [ECF No. 126] the filing because it violated Local Rule 26.1(b). Consequently, these two expert reports are not properly before the Court for purposes of the summary judgment assessment. "A pleading which has been stricken by the Court is to be considered as if it had never been filed." *Swift Spinning, Inc. v. Mercados Internacionales, S.A.*, No. 07-22168-CIV, 2008 WL 11417687, at *4 (S.D. Fla. Mar. 7, 2008) (citing *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991)); *see also* 71 C.J.S. Pleading § 773 (2021) ("[A]fter a pleading has been stricken, it ceases to be a part of the record and is to be considered as though it had never been filed."). Because the reports are now to be used in connection with the summary judgment motion, Plaintiffs could have, and should have, filed them. But, as explained, they did not.

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citation omitted). Thus, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must "show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the movant does so, then "the burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). The opposing party must proffer more than "a mere scintilla of evidence" to show "that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899-900 (11th Cir. 2006) (internal quotations omitted).

When deciding whether summary judgment is appropriate, the Court views all facts and resolves all doubts in favor of the nonmoving party. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).

**III.   ANALYSIS**

Plaintiffs argue that a video of the incident, Ed Suarez's lay-witness testimony,[3] and Ruben Pais' ("Plaintiff Pais") treatment records[4] indisputably establish medical causation. [ECF No. 132].

Home Depot responded that the Motion should be denied because Plaintiffs failed to provide any supporting authority indicating that they can prove medical causation of the alleged injuries without expert testimony. [ECF No. 138]. Home Depot further argues that Plaintiffs failed to meet their burden in showing that there is no genuine issue of material fact with respect to medical causation because of its expert witnesses (who contest Plaintiff Pais' injuries). [ECF No. 139].

Without providing legal authority, Plaintiffs argue that Defendants' failure to file the related expert reports means that they should not be considered. [ECF No. 140]. To

---

[3] Plaintiffs' summary judgment motion cryptically mentions Suarez's testimony, but it does not explain who he is, what he saw or what he said. Plaintiffs identified Suarez and explained his role in the case in a *different*, earlier-filed Motion for Partial Summary Judgment [ECF No. 120]. The instant motion, however, does not reference the earlier filing. It simply relies on Suarez's testimony without explaining where in the record it could be located or even that it had in fact previously been filed in connection with another motion. The Undersigned was able to *hunt down* Suarez's status in this case from an earlier motion and now understands that he is a fact witness who was at the Home Depot at the time.

[4] While there are two Plaintiffs in this case, Ruben and Susan Pais, only *Ruben* submitted treatment records. His wife, Susan Pais, is seeking loss of consortium damages and has not alleged a physical injury. [ECF No. 1].

properly raise an argument, though, a litigant must support the argument with factual and legal authority. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue).

As already noted, Defendants did file the related expert reports with its Supplemental Disclosure of Expert Witnesses [ECF No. 135] on April 28, 2023; however, the Court struck Defendants' filing because it violated Local Rule 26.1(b). [ECF No. 126].

The Local Rule provides that

> [i]nitial and *expert disclosures* and the following discovery requests, responses, objections, notices or any associated proof of service shall not be filed until they are used in the proceeding or the court orders their filing: (1) deposition transcripts; (2) interrogatories; (3) requests for documents, electronically stored information or things, or to permit entry upon land; (4) requests for admission; and (5) notices of taking depositions or notices of serving subpoenas.

S.D. Fla. L.R. 26.1(b) (emphasis added).

Additionally, Plaintiffs contend that Defendants' expert reports should not be considered in any event because they are not affidavits. [ECF No. 140]. The Court agrees. If an expert report is not in the form of an affidavit or attested to under penalty of perjury (such as in deposition testimony or a declaration submitted under 28 U.S.C. § 1746 (the statutory equivalent of an affidavit), then its opinions cannot be considered at the summary judgment stage. *See Bouton v. Ocean Properties, Ltd.*, No. 16-CV-80502, 2017 WL 4792488, at *18 (S.D. Fla. Oct. 23, 2017).

The *Bouton* Court outlined the relevant analysis:

> "Only 'pleadings, depositions, answers to interrogatories, and admissions *on file,* together with *affidavits'* can be considered by the district court in reviewing a summary judgment motion." *Carr v. Tatangelo*, 338 F.3d 1259, 1273 (11th Cir. 2003), *as amended* (Sept. 29, 2003) (quoting former Fed. R. Civ. P. 56(e)). "Unsworn statements 'do[ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e)' and cannot be considered by a district court in ruling on a summary judgment motion." *Id.* (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n. 17 (1970)). If an expert's report is submitted without attestation, it has no probative value and cannot be considered on summary judgment. *Id.; see also Beard v. Green*, No. 08-22284-CIV-SEITZ, 2010 WL 411084, at *10 (S.D. Fla. Jan. 29, 2010) (citing *Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306-07 (5th Cir. 1988)) ("Just as is true for an unsworn affidavit, a document which does not meet the requirements of *Fed. R. Civ. P.* 56(e) or 28 U.S.C. § 1746, is to be disregarded by a court in conjunction with its review of the record in consideration of a defendant's motion for summary judgment.").

*Id*. (emphasis in original).

Home Depot cites to its experts' reports in its Response to Plaintiffs' Statement of Material Facts and states that the reports are attached as a composite exhibit. [ECF No. 139]. However, as outlined above, Home Depot failed to *actually* attach the reports to its Response; but, even if they were attached, then they would still need to include additional language to convert them into usable evidence. This Court cannot consider Home Depot's experts' reports now at the summary judgment stage because they were not filed and, more importantly, not verified. Therefore, the following analysis will focus on whether Plaintiffs met their burden regarding medical causation (but will not factor in the defense experts' two reports).

"To prevail in a negligence action, the plaintiff must show: (1) that the defendant

11

owed a duty of reasonable care to the plaintiff; (2) that the defendant breached that duty; (3) that the breach was the proximate cause of the injury to the plaintiff; and (4) that the plaintiff suffered damages." *Hasenfus v. Secord*, 962 F.2d 1556, 1559–60 (11th Cir. 1992). Only the third element remains at issue.[5] *See* [ECF No. 129-1, ¶ 3].

Before the party bearing the burden of proof on an issue may be entitled to summary judgment, they must first make a showing sufficient to establish that the element *exists. See Celotex Corp.*, 477 U.S. at 322 (emphasis added) Under Florida law, expert medical testimony is required to establish the medical cause of "non-readily observable" injuries. *Huddleston v. United States*, 2019 WL 6879741, at *1 (S.D. Fla. Dec. 17, 2019) ("Unless the injury at issue is readily observable such as a broken leg from being struck by an automobile, a plaintiff is required to introduce medical testimony to establish medical causation[.]").

Here, Plaintiffs contend that they established the material fact of medical causation through video evidence, Ed Suarez's testimony, and Plaintiff Pais' treatment records. Plaintiffs request that the Court grant their motion and remove the legal causation inquiry

---

[5] Defendants' attorney, Dorsey C. Miller, III, filed an affidavit [ECF No. 129-1] in compliance with the Court's Order to Show Cause [ECF No. 128]. In the affidavit, he states, "However, after conferring with his clients, [he] advised Plaintiffs' counsel by email dated May 9, 2023 at 4:42 pm that Defendants Home Depot and Fence City were **admitting to the existence of a duty and a breach of that duty**, but maintained all defenses to causation and damages and continue to contest same." *Id*. at ¶ 3 (emphasis added).

from the verdict form.[6] The Undersigned is not convinced, for several reasons.

First, neither Plaintiffs' instant motion, nor their statement of material facts, identify Ed Suarez or describe his connection to the underlying incident. Nonetheless, Plaintiffs argue that Ed Suarez's lay witness account of the incident reliably establishes medical causation because "it is 'readily apparent to a lay person' when someone loses all motor skills and is rendered unconscious." *Id.* Plaintiffs cite multiple cases from the Florida courts and the Southern District supporting the idea that if a medical condition is readily observable, then lay witness testimony may be legally sufficient to support a finding of causation. However, none of the cited cases include injuries similar to Plaintiff Pais. Suarez's testimony, together with the video evidence, is still not enough to meet the necessary burden.

Second, Plaintiff Pais' treatment records list injuries that Florida courts have *already* deemed as not readily apparent. *See, e.g.*, *Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1285 (S.D. Fla.), *report and recommendation adopted*, No. 18-21364-CIV, 2019 WL 2254963 (S.D. Fla. May 8, 2019) (concussion and back injury); *Lopez v. Costco Wholesale Corp.*, No. 21-21670-CIV, 2022 WL 19331196, at *4 (S.D. Fla. Nov. 14, 2022) (lower back and neck pain). As previously mentioned, Plaintiff Pais was diagnosed with a concussion involving a loss of consciousness, headache, vertigo, tinnitus, adjustment disorder, traumatic

---

[6] Plaintiffs concede that this decision would not bar Defendants from challenging the extent of the injuries or the value of the related damages. [ECF No. 132].

subdural hemorrhage, and post-concussion syndrome. [ECF No. 131, ¶ 11].

Plaintiffs quote *Rivera v. Royal Caribbean Cruises Ltd.* to support their argument that expert medical testimony is *not* required when the causal link between the alleged injuries and the incident at issue is readily apparent to a lay person. 711 F. App'x 952 (11th Cir. 2017). In *Rivera*, the plaintiff sued a cruise line operator because she slipped and fell while onboard. The plaintiff sustained multiple injuries, including back pain, depression, anxiety, and vision issues. *Id*. at 955. The district court granted the defendant's motion for summary judgment because it found that she had not met her burden as to proximate causation. *Id*. The Eleventh Circuit Court of Appeals agreed with the district court and held that,

> [w]ithout medical expert testimony, it is **not possible** to distinguish between the ailments Rivera experienced before the fall and those she experienced after—and due to—the fall. Further, due to the nature of the injuries that she alleges—including, for example, back pain, depression, anxiety, and vision issues—expert testimony is simply required in order to even understand the nature and extent of the injuries.

*Id*. Therefore, applying *Rivera* and existing Florida law to the instant facts, Plaintiff's alleged injuries -- including concussion, headache, and vertigo -- are not "readily apparent." *See Mann*, 385 F. Supp. 3d at 1285–86 (the plaintiff's concussion was not readily observable and required expert testimony to prove causation); *Whitehead v. City of Bradenton*, No. 8:13-CV-2845-T-30MAP, 2015 WL 1810727, at *4 (M.D. Fla. Apr. 20, 2015) (same).

Third, Plaintiffs contend that under "Florida's Model Jury Instructions [401.12], a

14

[p]laintiff satisfies the causation standard if he can establish by a preponderance of the evidence that the defendant's breach 'was a legal cause of the [p]laintiff's loss, injury, or damage.'" [ECF No. 132]. Plaintiffs argue that their evidence meets that burden and that there is "no genuine dispute" that Defendants' breach caused Plaintiff "to suffer a loss, injury, or damage." *Id*.

Plaintiffs' argument attempts to circumvent their responsibilities under Florida law. Plaintiffs may conclude that there is not, and cannot be, a dispute over their view that the Defendants' breach was the proximate cause of *an* injury, but that theory is hardly a foregone conclusion. Because Plaintiff Pais' alleged physical and mental injuries are not readily apparent, Florida law bars Plaintiffs from proving the causation or damages elements without expert testimony. *Maloney v. Williams*, 732 So. 2d 415, 420–21 (Fla. 5th DCA 1999) (holding that submitting the plaintiff's claim to the jury for damages was improper because "[e]xpert testimony [was] required to establish the existence of [plaintiff's brain injury]," and was "also needed to prove permanency and a causal connection between the injuries sustained . . . and the symptoms testified to by [the plaintiff]").

In addition, Plaintiffs' Motion erroneously treats the language from the standardized verdict form and jury instructions as *the* correct standard. Not even the Florida Supreme Court recognizes whether the standardized forms or instructions are necessarily correct as a matter of law, as illustrated below:

15

> The Court's opinions authorizing the instructions for publication and use include the following caveat explaining that by so authorizing the instructions the Court expresses no opinion on the correctness of the instructions and that the authorization does not foreclose the requesting of additional or alternative instructions:

> In authorizing the publication and use of these instructions, we express no opinion on [the instructions'] correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

*In re Amends. to Fla. Rules of Jud. Admin. , Fla. Rules of Civ. Proc. , & Fla. Rules of Crim. Proc.- Standard Jury Instructions*, No. SC20-145, 2020 WL 1593030, at *1 (Fla. Mar. 5, 2020).

Plaintiffs contend that "[i]t is one thing to challenge whether someone sustained a brain injury and another to challenge whether someone suffered an injury." [ECF No. 132]. However, "[w]ithout medical expert testimony, it is not possible [for the Court] to distinguish between the ailments [the plaintiff] experienced **before** the [incident] and those [he] experienced **after -- and due to** -- the [incident]." *See Rivera*, 711 F. App'x at 955 (emphasis added).

In sum, Plaintiffs' request for summary judgment on medical causation is misplaced because Plaintiffs' Motion is actually more of a motion *in limine* requesting the removal of an instruction or inquiry from a verdict form. Here, at the summary judgment stage, Plaintiffs had to show that there are no genuine issues of material fact that should be decided at trial. *See Clark*, 929 F.2d at 608. While Defendants **concede** that they

16

breached the duty owed to Plaintiffs, they dispute whether the impact from the 68-pound sign actually caused all of the injuries listed (vertigo, concussion, headache, tinnitus, etc). Even though the Court did not consider Home Depot's experts' reports, Plaintiffs still failed to meet the necessary burden because of their misplaced reliance on the jury instruction language, instead of the applicable case law.

Based on the above-mentioned reasoning, the Court **denies** Plaintiffs' Motion because of their failure to provide expert medical testimony linking Plaintiff Pais' alleged injuries with the incident at issue.

**DONE AND ORDERED** in Chambers, Miami, Florida, on September 26, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record